**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sharon Simington, ) | No. CV-10-8236-PCT-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Clark County Collection Service, ) | |
| Defendant. ) | |

The court has before it defendant's motion for summary judgment (doc. 21), plaintiff's response (doc. 25), and defendant's reply (doc. 27).

Defendant Clark County Collection Service was retained by Laboratory Medicine Consultants to collect a debt against plaintiff. Plaintiff filed this action asserting that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA) in its efforts to collect the debt. Plaintiff asserts claims under sections 1692d, 1692e, and 1692e(2)(A) of the FDCPA. These provisions prohibit debt collectors from using harassing or abusive collection methods, making false or misleading representations, and making false representations as to the "character, amount, or legal status of any debt."

**Section 1692d**

Section 1692d prohibits debt collectors from "enga[ging] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

collection of a debt." The statute provides examples of conduct that violate section 1692d, including the use of violence or other criminal means to harm the debtor, the use of obscene language, or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass." 15 U.S.C. § 1692d(1)-(5). Plaintiff alleges that defendant "started constantly and continuously placing collection calls to Plaintiff seeking payment for an alleged debt." Complaint ¶ 10. The undisputed evidence shows, however, that defendant placed no more than 5 phone calls to plaintiff's residence over an eight-day period, and that plaintiff was not home for any of the calls. Motion, ex. D at 69, 103.

On August 10, 2010, defendant placed the first call to plaintiff's residence and spoke to her husband, Rodney Simington. During this call, Mr. Simington informed defendant that plaintiff's medical insurance should cover the debt. Defendant told Mr. Simington that plaintiff would have to resolve the insurance issue. Response, ex. B. Three days later, on August 13, 2010, defendant placed a second call to plaintiff's residence to check on the status of the claim. There was no answer, and defendant placed a third call later that same day. Again, there was no answer. Defendant waited another three days and placed a fourth call on August 16, 2010. Plaintiff was not home and a message was left with her son. The fifth call, placed on August 17, 2010, was not answered. But plaintiff returned the call on the same day, and defendant spoke with plaintiff for the first time. Plaintiff informed defendant that insurance should cover the charge, and defendant placed the account on hold pending insurance payment. Defendant made no further effort to collect the debt. As it turned out, Laboratory Medicine Consultants failed to bill plaintiff's insurer.

An objective standard is used to determine whether conduct has "the natural consequence" to harass under section 1692d. Clark v. Capital Credit & Collection Servs., 460 F.3d 1162, 1171 (9th Cir. 2006). Five phone calls over 8 days does not have the natural consequence of harassment or abuse, particularly when the plaintiff was not home for any of the calls. While plaintiff contends that collection efforts should have stopped once plaintiff's husband told defendant that the charge should be covered by insurance, the

1 obligation to cease collection efforts under 15 U.S.C. § 1692g(b) arises only where the debtor
2 notifies the debt collector <u>in writing</u> that the debt is disputed. Plaintiff failed to satisfy the
3 writing requirement of 15 U.S.C. § 1692g(a)(4) and (b).

4 Finally, plaintiff claims that the phone calls were abusive and oppressive because
5 defendant's employee, Gabe, was "extremely unreasonable and rude." <u>Motion</u>, ex. D. But
6 this argument is wholly contradicted by the transcript of the telephone call recordings. <u>See</u>
7 <u>Motion</u>, ex. E.

8 We conclude that no reasonable fact finder would find that defendant's conduct had
9 the natural consequence of harassment, abuse or oppression. Defendant's motion for
10 summary judgment on plaintiff's section 1692d claim is granted.

11 **Sections 1692e and 1692e(2)(A)**

12 Section 1692e prohibits the use by a debt collector of "any false, deceptive, or
13 misleading representation" in connection with the collection of a debt. Section 1692e(2)(A)
14 prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt."
15 Plaintiff claims that defendant violated sections 1692e and 1692e(2)(A) by continuing to call
16 plaintiff to collect on a debt that she did not owe because it should have been covered by
17 insurance.

18 A collection agency may reasonably rely on the information provided by the creditor.
19 <u>Clark</u>, 460 F.3d at 1177. The FDCPA does not initially impose an independent duty on a
20 debt collector to investigate a debt. <u>Id.</u> at 1174. However, when a consumer disputes a debt
21 in writing and requests verification of the debt, the debt collector must place an immediate
22 hold on all collection efforts pending verification of the debt. 15 U.S.C. § 1692g(b). Here,
23 plaintiff did not dispute the debt in writing or ask for verification of the debt. Plaintiff's
24 husband's statement that he believed that the claim should be covered by insurance does not
25 satisfy section 1692g(b) because oral notice of a dispute fails to satisfy the statute.

26 Defendant spoke to plaintiff for the first time on August 17, 2010, at which time
27 plaintiff informed defendant that the debt should be covered by insurance. No further
28 collection activity or contact with plaintiff occurred after August 17, 2010. There is no

1 evidence that defendant violated section 1692e or 1692e(2)(A).  Summary judgment is
2 entered in favor of defendant on these claims.
3     **IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 21).
4 The clerk shall enter final judgment.
5     DATED this 6th day of April, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge